Filed 6/2/22  P. v. Williams CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHON OLIVENTA WILLIAMS,<br><br>    Defendant and Appellant. | B317498<br><br>(Los Angeles County<br> Super. Ct. No. YA093048) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Reversed and Remanded.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Michael R. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Shon Oliventa Williams appeals the trial court's denial of a recommendation made by the California's Department of Corrections and Rehabilitation (CDCR), under Penal Code[1] former section 1170, subdivision (d)(1) to consider recalling Williams' sentence and resentence him in light of changes made to section 667, subdivision (a)(1). The trial court denied the request, citing previous orders in which it had denied resentencing requests initiated by Williams and deemed amendments to section 667 inapplicable to final judgments.

While Williams' appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (AB 1540) came into effect on January 1, 2022. AB 1540 moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to new section 1170.03 and added procedural safeguards, including the requirement that the court "shall . . . apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1170.03, subd. (a)(2).)

Williams argues that AB 1540 retroactively governs the trial court's ruling in this case, and thus the matter must be remanded for resentencing under section 1170.03. The People disagree that the new legislation is retroactive but acknowledge that if this court were to determine there was error requiring remand, any reconsideration of the recall request at this juncture would necessarily be subject to the new procedures specified in section 1170.03.

---

[1] All further undesignated statutory references are to the Penal Code.

In light of our decision in *People v. Cepeda* (2021) 70 Cal.App.5th 456 (*Cepeda*) (holding that a recall request initiated by the CDCR under former § 1170, subd. (d), allows for resentencing under the amendments made to § 667), we conclude the trial court erred in denying the CDCR recall request for the grounds stated. Accordingly, we reverse and remand the matter to the trial court for reconsideration of the CDCR's request. Upon remand, the trial court is directed to apply the provisions of 1170.03, which are now in effect.

## BACKGROUND

In 2016, defendant and appellant Shon Oliventa Williams pled no contest to carjacking as a second strike, and admitted he sustained a prior serious felony conviction, in exchange for the dismissal of an additional count and four prior "strike" allegations.[2] The trial court sentenced Williams to 15 years in state prison, which included a five-year enhancement for the prior serious felony conviction. At the time of Williams' plea and sentence, courts were prohibited from striking serious felony enhancements under section 667, subdivision (a)(1).

In November 2021, the Secretary of California's Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court invoking the sentence recall provision of section 1170, subdivision (d)(1). In the letter, the CDCR noted Williams' sentence included a five-year enhancement imposed under section 667, subdivision (a)(1) and that

---

[2] The underlying facts are not relevant to this appeal and are therefore not recounted here.

Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) had given courts the discretion to strike such enhancements.[3] The CDCR recommended the court recall Williams' sentence and resentence him in light of that new discretion and pursuant to their review of Williams' commitment offense and in-prison conduct. Attached to the CDCR's letter were a cumulative case summary and evaluation report that detailed Williams' current commitment offense and his institutional adjustment. The reports indicated that Williams had not received any rules violation reports during his incarceration and included numerous laudatory chronological reports.

In a minute order issued on November 12, 2021, the court denied the request for recall and resentencing, stating "[t]he request for resentencing has been denied at least two previous times" "once on 10-23-19 and again on 11/30/20." The court then stated "the request is again denied with prejudice for the same reasons expressed previously in prior denials."

The minute orders from October 23, 2019 and November 30, 2020 reflect the rulings on resentencing requests initiated by Williams on his own behalf:

(1) In October 2019, Williams requested resentencing under former section 1170, subdivision (d)(1). The trial court rejected the

---

[3] Senate Bill 1393, effective January 1, 2019, deleted a portion of section 1385, subdivision (b), which had stated: "This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (Sen. Bill 1393 (2017-2018 Reg. Sess.), § 2.)

4

request on October 23, 2019, stating, "While defendant is to be commended for his efforts to make amends to his victims and his efforts to obtain educational and vocational training, the sentence he received was fair and just." The court noted that Williams faced five strike priors, but was allowed to admit one and receive a determinate sentence.

(2) In November 2020, Williams submitted a writ of habeas corpus citing section 1170, subdivision (d) and Senate Bill 1393 as grounds for resentencing. The court denied the petition on November 30, 2020, concluding it lacked jurisdiction to resentence Williams under section 1170 because the 120-day deadline for the court to act sua sponte had passed and no request had been filed by any of the agencies named in section 1170. The court further concluded it lacked authority to resentence Williams pursuant to the amendments to section 667, made under Senate Bill 1393, because his judgment was final and Senate Bill 1393 was not retroactive to cases on collateral review.[4]

---

[4] The court also addressed the fact that Williams had filed numerous habeas petitions making similar arguments or claims regarding the "illegality of his two five-year sentence enhancements." The court noted that Williams had consented to a plea agreement that resulted in dismissal of four of his five prior strikes, and stated that if Williams is dissatisfied with the court's prior rulings, "the remedy is to file an appeal and not file repetitive, successive petitions which could have been included in an appeal of his sentence."

Williams subsequently appealed the denial of his habeas petition, along with another habeas denial, to this court and we consolidated both appeals. (*People v. Shon Oliventa Williams*, B309281, 2021 LEXIS 4647 [nonpub. opn.] filed July 19, 2021.) In our decision, we agreed the trial court lacked jurisdiction to resentence Williams after the 120-day period had passed and therefore dismissed the appeal. (2021 LEXIS 4647, p. *4.)

5

On December 13, 2021, Williams filed his instant notice of appeal from the trial court's November 12 denial of the CDCR's recall and resentencing request.

## DISCUSSION

The statutory recall-and-resentencing procedure is "an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).) A court's consideration of such a request involves two distinct steps: It must first decide whether to recall the inmate's sentence, which may be based on "any reason rationally related to lawful sentencing"; and once the sentence has been recalled, "[t]he court may then impose any otherwise lawful resentence suggested by the facts available at the time of resentencing." (*Dix, supra*, 53 Cal.3d at p. 456; see also *Cepeda, supra*, 70 Cal.App.5th at p. 469.) The court's decision whether to recall a sentence is reviewed for abuse of discretion, as are a court's ultimate discretionary sentencing decisions (*Cepeda, supra*, 70 Cal.App.5th at p. 469; *People v. Carmony* (2004) 33 Cal.4th 367, 375).

---

We noted, however, that "[o]ur dismissal should not be construed as a limitation on Williams's right to seek resentencing should qualifying circumstances under section 1170 arise. (See § 1170, subd[]. (d)(1) [court may, at any time upon recommendation of the secretary, Board of Parole Hearings, county correctional administrator, or county district attorney, recall the sentence and commitment previously ordered and resentence the defendant to a lower term of imprisonment].)" (2021 LEXIS 4647, p. *4, fn. 3.)

6

A.    *Our Decision in People v. Cepeda*

In *Cepeda*, defendant Cepeda pled guilty to carjacking as a second strike and admitted he sustained a prior serious felony conviction. (*Cepeda, supra,* 70 Cal.App.5th at p. 459.)  Two years after Cepeda's conviction, in 2020, the CDCR sent a letter to the trial court invoking the sentence recall provision under former section 1170, subdivision (d), and noting that Senate Bill 1393 had given courts discretion to strike section 667, subdivision (a) enhancements.  The trial court recalled the sentence and held a resentencing hearing, but declined to strike Cepeda's enhancement.  (*Ibid*.)  The court based its decision on two grounds:  (1) deference to what it thought the original sentencing judge might have done, if given the option to resentence the defendant; and (2) its assessment of the trial court's file—though without consideration of additional evidence concerning Cepeda's post-conviction behavior in prison.  (*Ibid*.)

On appeal, we first rejected the People's contention that the trial court's decision could be upheld on the ground that Senate Bill 1393 does not apply retroactively to final cases, such as that of Cepeda. (*Cepeda, supra,* 70 Cal.App.5th at p. 460.)  In determining that Senate Bill 1393 could be applied to Cepeda, we explained that "[a]lthough Senate Bill 1393 does not apply retroactively to final cases in which the defendant *directly* petitions the court for relief," former section 1170, subdivision (d) provides the trial court with broad authority to recall and resentence a defendant "'upon the recommendation of the [CDCR].'" (*Id.* at pp. 460–461, italics added.)  This broad authority, we

7

determined, includes the power to apply "the law in effect at the time of resentencing." (*Id*. at p. 465.) As such, the trial court was correct in concluding it had jurisdiction under section 1170, subdivision (d) to recall Cepeda's sentence and resentence him consistent with Senate Bill 1393. (*Id*. at pp. 465, 469.)

Turning to the trial court's stated reasons for refusing to strike Cepeda's section 667 enhancement, we found an abuse of discretion with regard to both stated grounds. (*Cepeda, supra*, 70 Cal.App.5th at pp. 469–471.) First, the trial court's focus on whether the original sentencing judge would have disapproved striking the enhancement, was an abuse of discretion because section 1170, subdivision (d)(1) expressly provides that resentencing "is not constrained by the terms of a plea bargain" and the court's reasoning gave too much deference to the judge's acceptance of Cepeda's plea and sentence rather than focusing on "whether the interest of justice *now* warrants departing from the bargain." (*Id*. at p. 470, italics added.) Second, the trial court abused its discretion by refusing to consider additional evidence concerning Cepeda's behavior in prison after being sentenced. (*Id*. at p. 470.) We explained that since section 1170, subdivision (d)(1) expressly provides that a court may consider post-conviction factors, including conduct while incarcerated, the refusal to consider such evidence—either at the recall or resentencing stage—amounts to an abuse of discretion. (*Id*. at pp. 470–471.) Accordingly, we remanded the matter for resentencing, directing the court to consider the appropriate evidence and factors identified in our decision. (*Id*. at p. 471.)

8

In our disposition, we also noted that AB 1540—which moved the resentencing provisions from 1170 to section 1170.03 and revised the terms of that provision—would take effect January 1, 2022.[5] Assuming the new sentencing proceedings would take place after that date, we directed the trial court to apply these new provisions.[6] (Cepeda, supra, 70 Cal.App.5th at pp. 471–472.)

B.    *Under Cepeda, Reversal and Remand for Reconsideration is Warranted in this Case*

Here, the trial court's reasoning for denying the CDCR's recall request, filed on behalf of Williams, is limited to the following statement in its minute order:  "Please notify CDC and the inmate that the request is again denied with prejudice for the same reasons expressed previously in prior denials."  This statement not only indicates that any new information shedding light on Williams' recent post-conviction conduct was not considered (constituting an abuse of

---

[5]    In our disposition we pointed out that "[t]he new provision more explicitly codifies our holding in this case, requiring courts to 'apply any changes in law that reduce sentences or provide for judicial discretion' when recalling and resentencing a defendant.  [Citation.]  It also, among other things, requires the court to hold a hearing and state its reasons on the record for granting or denying recall and resentencing.  [Citation.]  And, in cases like this one, where the recall request was initiated by the CDCR, the new statute requires notice and the appointment of counsel, as well as a presumption in favor of recall and resentencing that can be overcome only by a finding that the inmate is an unreasonable risk of danger to public safety." (*Cepeda, supra*, 70 Cal.App.5th at pp. 471–472.)

[6]    Our opinion was filed on October 18, 2021.  (*Cepeda, supra*, 70 Cal.App.5th 456.)

9

discretion under *Cepeda*), but the prior order addressing Cepeda's Senate Bill 1393-related request was denied based on the court's determination that it lacked the authority to retroactively apply that legislation to Cepeda's case. However, that determination was only valid in the context of a resentencing request made in a *direct* petition by Cepeda; it is not a viable ground upon which to deny a recall request initiated by the CDCR. (*Cepeda*, *supra,* 70 Cal.App.5th at p. 460; cf. *People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 742 ["Where the trial court's decision rests on an error of law, . . . the trial court abuses its discretion"]; *In re Charlisse C.* (2008) 45 Cal.4th 145 ["A 'disposition that rests on an error of law constitutes an abuse of discretion'"].)[7]

---

[7] To the extent the trial court's minute order reflects an intention to simply rely on its previous determination that Cepeda received a favorable disposition under a negotiated plea agreement, exclusive reliance on this ground would also indicate a failure to consider the request anew in light of any post-conviction conduct or new evidence—or that the trial court was granting undue deference to the initial plea bargain without considering whether "the interest of justice *now* warrants departing from the bargain." (*Cepeda*, *supra,* 70 Cal.App.5th at p. 470, italics added.) Regardless, we simply cannot be confident that the trial court's recall decision in this case was, in fact, an exercise of the court's fully "informed discretion." (*Id.* at p. 470, quoting *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) It is for this reason we deem reversal and remand warranted in this case. We express no opinion on the merits of the CDCR's resentencing recommendation. (Cf. *Cepeda*, *supra,* 70 Cal.App.5th at p. 471 [stating that "on remand, the trial court may exercise its discretion to strike the enhancement, otherwise reduce Cepeda's sentence, or reinstate the sentence previously imposed"].)

Accordingly, we reverse the trial court's order denying the CDCR's recall and resentencing request and remand the matter for reconsideration of CDCR's recommendation.

## DISPOSITION

The order declining to recall Williams' sentence is reversed. The matter is remanded to the trial court for further proceedings on the recall and resentencing recommendation under newly enacted section 1170.03.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY, J.